TORRUELLA, Circuit Judge
(Dissenting).
Like anyone charged with a crime, appellant is entitled to put the government to the test to prove each and every element of the crime alleged by proof beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361-62, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)(this requirement “dates at least from our early years as a Nation”). Because I am firmly convinced that the government has failed to meet this burden by failing to prove that appellant had the specific intent to steal a “thing of value” from the United States, as required by Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), I respectfully dissent.
The house of cards upon which the government bases its case is anchored on the theory that appellant intended to steal something of value because he switched the contents of two VCR boxes, in order to pay less for certain merchandise displayed at the Camp Buchanan PX than this merchandise was worth.[1] Crucially, the government has failed to establish criminal intent because there is no proof, direct or circumstantial that prior to his being stopped by security personnel as he left the store, appellant was aware of the difference in price between the two VCRs in question, Models 445 and 746. The uncon-tradicted evidence is that: (1) only the lower priced model (445) had a price tag, (2) the video introduced in evidence dearly shows that the place for the price on the 746 was blank, (3) the two models were next to each other on contiguous shelves without different pricing being displayed in the shelving (or for that matter, anywhere in the store) apprising prospective buyers of a difference in price, (4) the boxes on both models are practically indistinguishable, and (5) the two VCR models are also *51 indistinguishable except for the end of the connecting cable in the 746 model, which is “about half a centimeter longer and has more pins inside it” than in the 445. Maj. op. at 45.
With this record, it is impossible to supply the missing indispensable link establishing proof of appellant’s intent to pay less. Less than what? Unless it was clearly apparent to the appellant, at the time of the exchange, that there was a difference in value and thus that appellant was taking “something of value,” the proof of the appellant’s criminal intent is missing. This proof cannot be supplied after the fact as has been done here. Appellant’s alleged lack of credibility does not supply the missing element, as it cannot be claimed that he was lying about the price of the merchandise or any other matter establishing the price difference. Neither can one extract circumstantial evidence of guilt from appellant’s demeanor in switching boxes which were practically identical and showed no price difference.
What we have here is a situation similar to one in which both VCR models are in fact equally priced. Clearly appellant could not be convicted of taking something of value from the United States under those circumstances. The government thus was required to show that, at the time of the alleged taking, appellant was aware that the merchandise had different prices. This has not happened.
The flaw in the majority’s reasoning, and thus in its faulty conclusion, is highlighted when it states that “Donato knew to a high degree of probability he was taking something of value [because he was] getting the benefit of a more expensive VCR for the less expensive pnce of the model 445 (or by getting a non-sale item at a sale price to the detriment to the government, or both)”. Maj. op. at 49 (emphasis supplied). There is no basis in the record for these assumptions which are key to finding appellant guilty. There is no evidence that appellant knew, or could have known, that one VCR was more expensive than the other.
The majority’s conclusions are based on unsound assumptions and are in stark contrast with Conley v. United States, 323 F.3d 7 (1st Cir.2003)(en banc), a case in which after a jury conviction of a Boston policeman for perjury, twice affirmed and certiorari denied, this court on the third appeal stated in remanding for alleged Brady violations, “[t]he government’s evidence at trial was adequate for conviction, but it was always circumstantial.... ” Id. at 16. The evidence of price difference in this case is not even circumstantial and much less adequate and thus the conviction should be reversed. This house of cards should fall of its own weight.
I respectfully dissent.

. Although the amount paid by appellant for the merchandise in question was only $99, the price tag actually on the VCR’s box was for $129. The evidence does not show that appellant learned of the lower price before he paid for the VCR at the cash register and was informed by the cashier that this VCR was on sale at the lower price.